IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
El DORADO DIVISION


UNITED STATES OF AMERICA                                                               PLAINTIFF

VS.                                                    CASE NO. 07-CV-1001

JIMMY BASS, VIOLA BASS,
Individually and as Partners of
BASS FARMS PARTNERSHIP,
DOROTHY BASS, and
SERVICE FINANCE CORPORATION                                              DEFENDANTS


**ORDER**

Before the Court is Plaintiff United States of America's Motion for Summary Judgment. (Doc. 18).[1] The United States seeks summary judgment on delinquent federal loans issued through the United States Department of Agriculture's Farm Service Agency (FSA).[2] Defendants have responded. (Doc. 22). The Court finds the matter ripe for consideration.

**BACKGROUND**

On April 18, 1994, and April 13, 1995, the FSA extended to Bass Farms Partnership, including Jimmy Bass, Dorothy Bass, and Viola Bass, eight loans with an aggregate principle

---

[1] An supplement to the Motion for Summary Judgment was filed by the United States on February 6, 200. (Doc. 23-1). The amendment was filed to include a corrected affidavit of Kathleen A. Mazzanti of the United States Department of Agriculture and a corrected Statement of Account, which correctly set forth the present status of the Reyengas' account. (Doc. 23-2). Then, the Court received a letter dated February 27, 2008, that further corrected the amount of unpaid principle and the total amount owed.

[2] It should be noted that Separate Defendant Service Finance Corporation obtained a judgment against Jimmy Bass and said judgment is acting as a lien against certain real property. Service Finance Corporation is named as a defendant in this action for the sole purpose of determining the superiority of the liens at issue in this action. Service Finance Corporation does not have any monetary liability to Plaintiff in this action.

amount of $164,108.65 in return for certain promissory notes and real estate mortgages and/or financing statements. All persons obligated to discharge the indebtedness represented by the security instruments have defaulted on the loans. As of September 20, 2007, the total unpaid principal amount is $164,108.65, the total unpaid interest for these promissory notes is $100,948.53, computed at a rate of $22.3814 per day. On November 22, 1996, the FSA accelerated the outstanding amount owed. Unable to obtain payment from the borrowers, the United States brought this action to foreclose upon the promissory notes and mortgaged property. Now, the United States asserts that it is entitled to the relief prayed for in its complaint as a matter of law pursuant to Rule 56 of the Federal Rules of Civil Procedure.

## STANDARD OF REVIEW

The standard of review for summary judgment is well established. Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed. 265 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed. 202 (1986). In deciding a motion for summary judgment, the Court must consider all the evidence and all reasonable inferences that arise from the evidence in a light most favorable to the nonmoving party. *Nitsche v. CEO of Osage Valley Elec. Co-Op.,* 446 F.3d 841 (8th Cir. 2006). The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Enterprise Bank v. Magna Bank,* 92 F.3d 743, 747 (8th Cir. 1996). Genuine issues of material fact exist where

"there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson,* 477 U.S. at 249. Where no reasonable jury could render a verdict for the nonmovant, however, summary judgment is properly granted. *Taylor v. White,* 321 F.3d 710, 715 (8th Cir. 2003). Actions to enforce promissory notes are among the most suitable classes for summary judgment, especially when the moving party shows execution, delivery, and amount of the note. *Federal Deposit Ins. Corp. v. Newhart*, 713 F. Supp. 320, 322 (W.D. Mo. 1989).

## DISCUSSION

The United States brought this action to enforce eight promissory notes and to foreclose on three parcels of mortgaged property located in Ashley County, Arkansas. The United States has submitted documents to the Court showing that as of September 20, 2007, the Basses owe it $265,057.18 ($164,108.65 in unpaid principal and $100,948.53 in unpaid interest). The Basses have responded by alleging that the USDA discriminated against them because of their race during the farm loan process. However, a review of the record revealed that neither Bass Farms Partnership, Jimmy Bass, Dorothy Bass, or Viola Bass have open civil rights complaints on file. Moreover, the allegation of race discrimination during the farm loan process is not a valid defense to this foreclosure action. The Basses have not denied execution of the note and have not claimed satisfaction thereof. Thus, the Court finds that there is no genuine issue of fact to be litigated and is satisfied that the United States has sufficiently alleged and proved the existence and amount of the eight loans secured by the promissory notes and mortgages. Thus, the United States is entitled to judgment as a matter of law.

## CONCLUSION

Accordingly, the Court finds that the United States' Motion for Summary Judgment should be and hereby is **granted** against Defendants Jimmy Bass and Viola Bass, Individually and as Partners of Bass Farms Partnership, and Dorothy Bass. The United States is directed to supply the Court with the appropriate Decree to be entered as a final judgment in this matter.

**IT IS SO ORDERED**, this 18th day of March, 2008.

/s/Harry F. Barnes
Hon. Harry F. Barnes
United States District Judge